IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                             CRIMINAL NO. 1:13CR55-12
                                   (Judge Keeley)

ANGELA NELSON,

        Defendant.

MEMORANDUM OPINION AND ORDER
**DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [DKT. NO. 1253]**

On July 1, 2021, the defendant, Angela Nelson ("Nelson"), moved the Court, pursuant to 18 U.S.C. § 3742(e), to reconsider her sentence (Dkt. No. 1253). For the reasons that follow, the Court **DENIES** Nelson's motion.

## I. BACKGROUND

On March 14, 2014, Nelson pleaded guilty to distributing heroin within 1000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860 (Dkt. Nos. 326, 328). On November 25, 2014, the Court sentenced Nelson to 51 months of imprisonment, followed by 72 months of supervised release (Dkt. No. 589).

Nelson began her first term of supervised release on October 3, 2018, but struggled to comply with the imposed conditions (Dkt. No. 1096). Specifically, she refused outpatient therapy, used opiates and methamphetamine, and absconded from supervision (Dkt. No. 1105 at 1-3). Based on these violations, on April 1, 2019, the

USA v. NELSON                                                    1:13CR55-12

### MEMORANDUM OPINION AND ORDER
### DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [DKT. NO. 1253]

Court revoked Nelson's supervision and sentenced her to 18 months of imprisonment, followed by 54 months of supervised release (Dkt. No. 1130).

On May 4, 2020, Nelson began her second term of supervision, but she failed to remain in contact with her probation officer and did not participate in outpatient substance abuse and mental health counseling as directed (Dkt. No. 1182). On September 16, 2020, the probation officer filed a Petition for Warrant or Summons for Offender Under Supervision ("12C"), requesting the issuance of a warrant because Nelson had absconded from supervision for a second time. Id.

Thereafter, on December 7, 2020, Nelson was arrested by the Granville Police Department for shoplifting, and the probation officer filed an Amended 12C informing the Court of this conduct (Dkt. No. 1214). Although Nelson waived her preliminary hearing on the Amended 12C, her cousin testified that she would have a suitable place to live and work should she be released pending final adjudication of the petition (Dkt. No. 1224). However, because the probation officer could not determine if the home was suitable and therefore objected to release, Magistrate Judge Michael J. Aloi remanded Nelson to the custody of the United States Marshals Service pending a final revocation hearing. Id.

2

USA v. NELSON                                              1:13CR55-12

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [DKT. NO. 1253]**

On February 18, 2021, the Court held a final revocation hearing and considered the arguments of counsel and testimony from Nelson and her cousin (Dkt. No. 1230). At the hearing, the Court held the Amended 12C in abeyance and released Nelson to home confinement with electronic monitoring until she could arrange for placement at a long-term substance abuse treatment program (Dkt. No. 1231).

Unfortunately, on February 22, 2021, when the probation officer attempted to conduct a home inspection and location monitoring installation at the residence where Nelson had been ordered to stay, no one was at home (Dkt. No. 1238 at 2). Thereafter, on February 24, 2021, the probation officer conducted a home visit, during which Nelson tested positive for methamphetamine. Id. at 3. Marijuana seeds were also found in her possession at that time. Id.

On April 14, 2021, the Court conducted a final revocation hearing at which it revoked Nelson's supervised release based on her various violations and demonstrated unwillingness to comply with the terms of her supervision, and sentenced her to 36 months of imprisonment with no supervised release to follow (Dkt. No. 1250).

3

USA v. NELSON                                        1:13CR55-12

### MEMORANDUM OPINION AND ORDER
### DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [DKT. NO. 1253]

On July 1, 2021, Nelson, pro se, moved the Court to reconsider her sentence pursuant to 18 U.S.C. § 3742(e) (Dkt. No. 1253-1 at 1-2). In support, she cited her enrollment in the Residential Drug Abuse Program ("RDAP") for her addiction, and the Female Integrated Treatment Program ("FIT") for her mental illness. Id. Nelson also attached inmate discipline data which apparently shows that she has not committed any new infractions during the first months of her current term of incarceration (Dkt. No. 1253-2 at 1). Finally, she provided her Inmate Education Transcript, showing she completed several courses offered by the Bureau of Prisons ("BOP") between 2015 and 2019 (Dkt. No. 1253-3). Although not explicitly addressed in her motion, it appears these documents were submitted to show Nelson's post-conviction rehabilitation, albeit prior to her current incarceration for violating her supervised release. See, Pepper v. United States, 562 U.S. 476, 131 S. Ct. 1229 (2011).

### II. APPLICABLE LAW

Generally, a sentence of imprisonment is final. 18 U.S.C. § 3582(b). A sentence of imprisonment may be modified or corrected pursuant to Rule 35 of the Federal Rules of Criminal Procedure and other statutes that do not apply here. Rule 35 provides that a court may "correct a sentence that resulted from arithmetical, technical, or other clear error" or reduce a sentence for

4

USA v. NELSON                                    1:13CR55-12

### MEMORANDUM OPINION AND ORDER
### DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [DKT. NO. 1253]

substantial assistance upon the government's motion. Fed. R. Crim.
P. 35(a), (b). Motions made pursuant to Fed. R. Crim. P. 35 must be
filed within the 14 days of the oral pronouncement of the sentence.
Fed. R. Crim. P. 35(c)

### III. DISCUSSION

Nelson's motion for reconsideration is untimely because it was
filed 78 days after her revocation sentence was orally pronounced.
Even if it been timely filed, Nelson does not argue that her
sentence was imposed subject to any "arithmetical, technical, or
other clear error." Fed. R. Crim. P. 35(a). Nor does she contend
that any statute other than 18 U.S.C. § 3742(e) expressly permits
a reduction.

Moreover, Nelson's argument for reconsideration, pursuant to
18 U.S.C. § 3742(e) and based on post-sentencing rehabilitation, is
foreclosed by the fact that her revocation sentence has not been
set aside on appeal.  See, 18 U.S.C. 3742(e) ("Upon review of the
record, the court of appeals shall determine whether the sentence
was imposed in violation of law, was imposed as a result of an
incorrect application of the sentencing guidelines, [or] is outside
the applicable guideline range. . . .").

Furthermore, despite the Court having held her Amended 12C in
abeyance so that she could pursue the drug treatment she requested,

USA v. NELSON                                                    1:13CR55-12

### MEMORANDUM OPINION AND ORDER
### DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [DKT. NO. 1253]

Nelson continued to violate the terms of her supervision, just as she has done repeatedly in the past. Therefore, the Court's sentence of 36 months of incarceration without supervision to follow, the statutory maximum pursuant to 18 U.S.C. § 3583(e)(3), was appropriate and no more than necessary to address Nelson's continued and flagrant violations of supervised release.

Finally, by Nelson's own admission, she is enrolled in the RDAP and FIT programs and is currently seeking treatment for both her addiction and mental health issues (Dkt. No 1253-1). Critically, though, she has only been incarcerated for three months and both programs can take up to one year to complete.[1] Therefore, even if the Court could consider Nelson's post-sentencing conduct to reduce her sentence, she is actively engaged in rehabilitation and any early release would disrupt the progress she has hopefully made during her most recent term of imprisonment.

### IV. CONCLUSION

For the reasons stated, the Court **DENIES** Nelson's Motion for Reduction of Sentence (Dkt. No. 1253).

---

[1] RDAP lasts from nine to twelve months, and FIT lasts from four to twelve months. Federal Bureau of Prisons, Directory of National Programs, https://bop.gov/inmates/custody_and_care/docs/20170518_BOPNationalProgramCatalog.pdf (2017) (last accessed July 29, 2021).

USA v. NELSON                                                    1:13CR55–12

### MEMORANDUM OPINION AND ORDER
**DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [DKT. NO. 1253]**

It is so **ORDERED**.

The Clerk **SHALL** transmit copies of this Order to Nelson by certified mail, return-receipt-requested, and to counsel of record and all appropriate agencies by electronic means.

DATED: July 30, 2021

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE